UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMIN KURBANOV,<br><br>        Plaintiff,<br><br>-Against-<br><br>AMERICAN LIMOUSINE LLC D/B/A ADDISON LEE NORTH AMERICA, FLYTE TYME and TIMOTHY ROSE in his individual and corporate capacity,<br><br>        Defendants. | Civil Index No. 19-cv-4518<br><br>**DEFENDANT AMERICAN LIMOUSINE LLC D/B/A ADDISON LEE NORTH AMERICA'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendant American Limousine LLC d/b/a Addison Lee North America ("Defendant"), by and through its attorneys, Jackson Lewis P.C., respectfully submits the following Answer and Affirmative and Other Defenses to Plaintiff's Amended Complaint (the "Amended Complaint"), in the above-captioned action.

## AS TO "I. JURISDICTION AND VENUE"

1. Defendant denies each and every allegation set forth in Paragraph "1" of Plaintiff's Amended Complaint, except admits that Plaintiff alleged the Supreme Court of the State of New York, Country of Kings has jurisdiction over Plaintiff's claims pursuant to NYCPLR §301 and §302.

2. Defendant denies each and every allegation set forth Paragraph "2" of Plaintiff's Amended Complaint, except admits Plaintiff alleged that venue was proper in this case in the Supreme Court of the State of New York, County of Kings pursuant to NYCPLR §503.

**AS TO "II. PARTIES"**

3. No response is required to the allegations in Paragraph "3" of Plaintiff's Amended Complaint to the extent they contain conclusions of law. To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph "3" of Plaintiff's Amended Complaint, except avers that personnel documentation states Plaintiff resided in Brooklyn, New York, and avers Plaintiff was employed by Transportation Technologies Services from on or about September 1, 2017 to on or about February 23, 2018.

4. No response is required to the allegations in Paragraph "4" of Plaintiff's Amended Complaint to the extent they contain conclusions of law. To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph "4" of Plaintiff's Amended Complaint, except avers that Defendant is a New Jersey corporation with offices located in Mawah, New Jersey.

5. No response is required to the allegations in Paragraph "5" of Plaintiff's Amended Complaint to the extent they contain conclusions of law. To the extent a response is required, Defendant denies each and every allegation set forth Paragraph "5" of Plaintiff's Amended Complaint, except avers Flyte Tyme Holdings Inc. merged into American Limousine LLC and that American Limousine LLC has offices located in Mawah, New Jersey.

6. Defendant denies each and every allegation set forth Paragraph "6" of Plaintiff's Amended Complaint.

**AS TO "III. FACTUAL ALLEGATIONS"**

7. Defendant denies each and every allegation set forth Paragraph "7" of Plaintiff's Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's alleged Russian descent and

Plaintiff's prior work experience, and avers personnel documentation states Plaintiff's date of birth is November 26, 1975, and admits, based upon information and belief, that Plaintiff is a Caucasian male.

    8.  Defendant denies each and every allegation set forth in Paragraph "8" of Plaintiff's Amended Complaint.

    9.  Defendant denies each and every allegation set forth in Paragraph "9" of Plaintiff's Amended Complaint.

    10.  Defendant denies each and every allegation set forth in Paragraph "10" of Plaintiff's Amended Complaint.

    11.  Defendant denies each and every allegation set forth in Paragraph "11" of Plaintiff's Amended Complaint.

    12.  Defendant denies each and every allegation set forth in Paragraph "12" of Plaintiff's Amended Complaint.

    13.  Defendant denies each and every allegation set forth in Paragraph "13" of Plaintiff's Amended Complaint.

    14.  Defendant denies each and every allegation set forth in Paragraph "14" of Plaintiff's Amended Complaint, except avers Plaintiff's employment with Transportation Technology Services was terminated effective on or about February 23, 2018.

## AS TO "IV. CLAIMS FOR RELIEF
## AS AND FOR A FIRST CAUSE OF ACTION

*Unlawful Discrimination on the Basis of Plaintiff's National Origin in Violation the New York State Human Rights Law, N.Y. Executive Law § 290 et seg. (NYSHRL) and the New York City Human Rights Law, New York City Human Rights Law, New York City Administrative Code § 8-502(a), et. Seq. ('NYCHRL')"*

15. Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "14" of Plaintiff's Amended Complaint, inclusive, as though set forth at length herein in response to Paragraph "15" of Plaintiff's Amended Complaint.

16. The allegations in Paragraph "16" of Plaintiff's Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations set forth in Paragraph "16" of Plaintiff's Amended Complaint, and respectfully refers the Court to the statutes cited therein for their full and accurate contents.

17. The allegations in Paragraph "17" of Plaintiff's Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "17" of Plaintiff's Amended Complaint regarding Plaintiff's national origin.

18. Defendant denies each and every allegation set forth in Paragraph "18" of Plaintiff's Amended Complaint.

19. Defendant denies each and every allegation set forth in Paragraph "19" of Plaintiff's Amended Complaint.

20. Defendant denies each and every allegation set forth in Paragraph "20" of Plaintiff's Amended Complaint.

21. Defendant denies each and every allegation set forth in Paragraph "21" of Plaintiff's Amended Complaint.

22. Defendant denies each and every allegation set forth in Paragraph "22" of Plaintiff's Amended Complaint.

23. Defendant denies each and every allegation set forth in Paragraph "23" of Plaintiff's Amended Complaint.

24. Defendant denies each and every allegation set forth in Paragraph "24" of Plaintiff's Amended Complaint.

25. Defendant denies each and every allegation set forth in Paragraph "25" of Plaintiff's Amended Complaint.

26. Defendant denies each and every allegation set forth in Paragraph "26" of Plaintiff's Amended Complaint.

## AS TO "AS AND FOR A SECOND CAUSE OF ACTION

*Unlawful Discrimination on the Basis of Plaintiff's Age in Violation of the New York State Human Rights Law, N.Y. Executive Law § 290 et seq. (NYSHRL) and the New York City Human Rights Law, New York City Human Rights Law, New York City Administrative Code § 8-502(a), et. Seq. ('NYCHRL')"*

27. Defendant repeats and realleges each and every statement contained in its responses to Paragraphs "1" to "26" of Plaintiff's Amended Complaint, inclusive, as though set forth at length herein in response to Paragraph "27" of Plaintiff's Amended Complaint.

28. The allegations in Paragraph "28" of Plaintiff's Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations set forth in Paragraph "28" of Plaintiff's Amended Complaint, and respectfully refers the Court to the statutes cited therein for their full and accurate contents.

29. The allegations in Paragraph "29" of Plaintiff's Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant avers that personnel documentation states Plaintiff's date of birth is November 26, 1975.

5

30. Defendant denies each and every allegation set forth in Paragraph "30" of Plaintiff's Amended Complaint.

31. Defendant denies each and every allegation set forth in Paragraph "31" of Plaintiff's Amended Complaint.

32. Defendant denies each and every allegation set forth in Paragraph "32" of Plaintiff's Amended Complaint.

33. Defendant denies each and every allegation set forth in Paragraph "33" of Plaintiff's Amended Complaint.

34. Defendant denies each and every allegation set forth in Paragraph "34" of Plaintiff's Amended Complaint.

35. Defendant denies each and every allegation set forth in Paragraph "35" of Plaintiff's Amended Complaint.

36. Defendant denies each and every allegation set forth in Paragraph "36" of Plaintiff's Amended Complaint.

37. Defendant denies each and every allegation set forth in Paragraph "37" of Plaintiff's Amended Complaint.

Defendant denies Plaintiff is entitled to any relief or remedy specified in the "WHEREFORE" clause set forth on page 8 of Plaintiff's Amended Complaint.

## AS AND FOR DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have. Defendant reserves the right to amend its answer to raise additional affirmative or other defenses or to pursue any available counterclaim against Plaintiff as those claims or defenses become known during the litigation.

## AS AND FOR DEFENDANT'S FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## AS AND FOR DEFENDANT'S SECOND DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR DEFENDANT'S THIRD DEFENSE

Any and all actions taken by Defendant with regard to Plaintiff were based on legitimate, non-discriminatory, non-retaliatory business reasons, and would have been taken regardless of Plaintiff's ethnicity, national origin or age.

## AS AND FOR DEFENDANT'S FOURTH DEFENSE

Plaintiff's claims for discrimination are barred and/or any recovery of damages is precluded, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior.

## AS AND FOR DEFENDANT'S FIFTH DEFENSE

Plaintiff's claims for discrimination are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendant's preventive and/or corrective opportunities or to otherwise avoid harm.

## AS AND FOR DEFENDANT'S SIXTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because he failed to use reasonable diligence to mitigate and/or minimize his alleged damages.

### AS AND FOR DEFENDANT'S SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, the after-acquired evidence doctrine, and/or other equitable defenses.

### AS AND FOR DEFENDANT'S EIGHTH DEFENSE

Defendant's conduct, even if it occurred, amounted to no more than what a reasonable person would consider petty slights and trivial inconveniences.

### AS AND FOR DEFENDANT' S NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer damages attributable to any allegedly wrongful conduct by Defendant and/or because any damages or injuries were caused by Plaintiff's own conduct or the conduct of third parties.

### AS AND FOR DEFENDANT'S TENTH DEFENSE

Plaintiff is not entitled to recover any punitive damages against Defendant because, *inter alia*, Defendant acted in good faith and did not commit, ratify, authorize, or acquiesce in any malicious, willful, or reckless acts or omissions.

### AS AND FOR DEFENDANT'S ELEVENTH DEFENSE

Plaintiff's claims against Defendant should be dismissed because Defendant is not a proper party to this action.

### AS AND FOR DEFENDANT'S TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR DEFENDANT'S THIRTEENTH DEFENSE

To the extent that Plaintiff was involved in any improper activities during his employment, or failed to properly notice and act upon such activities, Plaintiff is estopped from recovery for his claims.

## AS AND FOR DEFENDANT'S FOURTEENTH DEFENSE

Plaintiff's claims for economic damages should be barred or limited by any after acquired evidence discovered by Defendant that would show that Plaintiff's employment would have been terminated on other grounds.

**WHEREFORE**, Defendant prays that the Court:

(a) Dismiss the Complaint in its entirety, with prejudice;

(b) Denies each and every demand, claim and prayer for relief contained in the Complaint;

(c) Award Defendant its reasonable attorneys' fees and costs incurred in defending this meritless and frivolous action; and

(d) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Dated: August 9, 2019        By:   */s/ Jennifer B. Courtian*
New York, New York                  Jennifer B. Courtian
                                    Kenneth D. Sommer

ATTORNEYS FOR DEFENDANT AMERICAN LIMOUSINE LLC D/B/A ADDISON LEE NORTH AMERICA

4850-2784-1949, v. 2